IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nichole Harris Bey, ) | Case No.: 4:23-cv-3424-JD-KDW |
| Plaintiff, ) | |
| vs. ) | **ORDER AND OPINION** |
| South Carolina Department of Social Services; Constance Leaks; Melanie McMillian; and Whitney Warren, ) | |
| Defendants. ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 35.)  Plaintiff Nichole Harris Bey ("Plaintiff" or "Bey"), proceeding *pro se*, filed this action against Defendants South Carolina Department of Social Services ("SCDSS"), SCDSS Supervisor Constance Leaks, SCDSS Caseworker Melanie McMillian, and SCDSS Caseworker Whitney Warren (collectively "Defendants") connected to the process utilized and the actions taken by SCDSS when they removed her children from her custody.  Plaintiff seeks damages and other relief.  (DE 1.)

On July 14, 2023, Plaintiff filed a Complaint pursuant to the Court's diversity and federal question jurisdiction against SCDSS, complaining of actions taken by SCDSS caseworkers and Marlboro Sheriff's officers when they removed her children from her custody.  (DE 1.)  SCDSS was the sole defendant named in Plaintiff's Complaint.  (Id.)

---

[1]   The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

The Court issued a proper form order and notice on July 31, 2023, advising Plaintiff that the factual allegations raised in her Complaint failed to assert any claims that fell within the Court's diversity or federal question jurisdiction. (DE 9.) Plaintiff was advised she had until August 11, 2023, to file an amended complaint or otherwise cure the identified deficiencies in her pleadings and to submit service documents. (Id.) Plaintiff filed an Amended Complaint on August 15, 2023; however, she did not submit service documents for the Defendant named in her Amended Complaint and instead sent a waiver of service form. (DE 13, 15.) The Court issued a second proper form order on August 24, 2023, advising Plaintiff that her action was not in proper form. (DE 18.) The Court informed Plaintiff that SCDSS was immune from a lawsuit brought in federal court except under limited exceptions not applicable to Plaintiff's Amended Complaint. (Id.) Accordingly, Plaintiff was directed to identify the appropriate defendants in this action and to explain how these defendants were personally involved in the alleged wrongful actions. (Id.) Plaintiff was also directed to complete a summons and a Form USM 285 for each defendant she named in her Complaint. (Id.)

Plaintiff responded to the court's second proper form order by supplementing her Amended Complaint with additional defendants and claims. (DE 13-2.) Plaintiff, however, failed to fully complete the requested service documents. (DE 21, 23.) Instead, Plaintiff sent to the Court summonses, a waiver of the service of summons and a notice of lawsuit form, and a request to waive service of a summons form. (Id.) On September 19, 2023, the Court issued a third proper form order again advising Plaintiff that her action was not in proper form. (DE 25.) Plaintiff was directed to complete a Form USM 285 for each of her named defendants. (Id.) Plaintiff was warned that if she failed to bring her case into proper form within the time permitted, her case may be dismissed for failure to prosecute and failure to comply with an order of the Court. (Id.)

2

Plaintiff responded to the Court's September 12, 2023, order by filing an additional supplement to her Amended Complaint. (DE 28.) Plaintiff also filed an additional amended complaint, which the Court construed as a Motion to amend/correct her complaint. (DE 29.) Plaintiff, however, failed to complete the Form USM 285s for the Defendants named in her Amended Complaint as ordered by the Court.

The Report was issued on October 17, 2023, recommending Plaintiff's Amended Complaint be dismissed without prejudice and without issuance and service of process for failure to comply with the Court's orders. (DE 35.) Plaintiff has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 35) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiff's Amended Complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
December 27, 2023

3

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.